SUPING DING, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71092.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2007.*

Filed July 3, 2006.

Vaughan De Kirby, Michael Conlan, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert E. Draba, Esq., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Suping Ding, a native and citizen of China, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the decision of an Immigration Judge (IJ), denying her application for asylum, withholding of removal,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(5), and we deny the petition for review.

■ The IJ must articulate a legitimate basis for an adverse credibility determination and must offer specific, cogent reasons supported by substantial evidence. *See Quan v. Gonzales,* 428 F.3d 883, 885–86 (9th Cir.2005). The IJ concluded that Ding was not credible because she stated in her asylum interview in early 2004 that her husband had been arrested but had not received a sentence, and then stated inconsistently at the hearing that he had been sentenced in October 2003, before the asylum interview. But when given a chance to explain the inconsistency, Ding clarified that her parents did not tell her about her husband's sentence in telephone conversations in October and December 2003 because they thought it would upset her. The IJ did not address Ding's explanation, and therefore the date that Ding learned about her husband's sentence cannot be a basis for the adverse credibility finding. *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006) (IJ must give applicant chance to explain inconsistency and must address explanation).

The IJ was skeptical about other aspects of Ding's testimony, but did not base his adverse credibility finding on those statements, which were not significantly related to her asserted claims that mailing banned books to her husband caused his arrest and sentencing and her fear of persecution should she return to China. *See Zhou v. Gonzales,* 437 F.3d 860, 866 (9th Cir.2006) (discrepancies that do not attempt to enhance claim of persecution do not bear on credibility). The adverse credibility determination is not supported by substantial evidence.

■ The IJ also held that Ding's testimony, even if taken as true, showed only that she feared being punished for violating China's censorship laws should she return to China, and that this did not constitute a well-founded fear of future persecution. Although Ding did not challenge this conclusion in her appeal to the BIA, the BIA addressed the issue and cited *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994), and we therefore have subject matter jurisdiction to address it. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc) (policy concerns underlying exhaustion requirement are met where BIA cites *Burbano* and does not disagree with any part of IJ's decision). We review this conclusion for substantial evidence, reversing only if a reasonable fact-finder would have been compelled to conclude that Ding was eligible for relief. *See Zhou,* 437 F.3d at 865.

Ding did not show past persecution, but argued that she had a well-founded fear of future persecution on account of imputed political opinion, should she return to China. Her testimony that the authorities informed her parents that they wanted her to return to China and "turn herself in" supports a subjective fear of future persecution, but she must also show that the fear was objectively reasonable. *See id.* at 867. Because this testimony showed "individualized interest" in Ding, her fear was objectively reasonable. *Id.* at 868.

Ding must also establish that what she feared rose to the level of persecution. Because she did not establish that sending the banned books would lead the government to treat her differently than any other citizen violating the ban on certain literature, substantial evidence supports the IJ's and BIA's conclusion that she did not show that she faced persecution, rather than punishment under the censorship laws. *See id.* (applicant produced evidence that she would be treated more harshly than other detainees under censorship

laws because she imported Falun Gong materials). Further, she did not establish that she feared persecution based on imputed political opinion. She did not state that she had any political opinion, testify as to what political opinion the books expressed, or state that her husband had any political opinion, and therefore did not show that she feared more than routine enforcement of the general law against importing certain books. *See Abedini v. INS,* 971 F.2d 188, 192 (9th Cir.1992) (applicant did not show he feared persecution on the basis of political or religious beliefs where he did not establish that prosecution for importing Western films was on the basis of actually held or perceived political beliefs, nor that the films were contrary to Islamic principles). Substantial evidence supports the conclusion that Ding did not establish a well-founded fear of future persecution on a protected ground. Because she did not meet the requirements for asylum, she necessarily failed to meet the higher standard for withholding of removal. *See Zhou,* 437 F.3d at 870–71 (describing higher standard).

Substantial evidence also supports the denial of Ding's CAT claim. Ding needed to show it was more likely than not that she would be tortured, or subjected to an extreme form of cruel and inhuman treatment, if removed to China. *See id.* at 871. Ding did not produce any evidence that her husband was tortured, merely speculating that he may have been beaten, and she did not produce any evidence that she faced a "particularized threat" of torture. *See Lanza v. Ashcroft,* 389 F.3d 917, 936 (9th Cir.2004).

PETITION FOR REVIEW DENIED.